UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD E. COGGINS, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| v. | |
| CAMBER ENERGY, INC., JAMES A. DORIS, and FRANK W. BARKER, JR., | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Ronald E. Coggins ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Camber Energy, Inc. ("Camber" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Camber securities between

1

February 18, 2021 and October 4, 2021, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.     Camber is an independent oil and natural gas company that acquires, develops, and sells crude oil, natural gas, and natural gas liquids.  The Company's common stock trades on the NYSE American ("NYSE") under the ticker symbol "CEI".

3.     In December 2020, Camber acquired a controlling interest in Viking Energy Group, Inc. ("Viking"), a purported independent exploration and production company.  Then, in February 2021, Camber executed a definitive merger agreement with Viking to effect the full combination of the two entities (the "Merger").

4.     Throughout 2021, Camber has failed to timely file required financial statements with the SEC.  As a result, financial reporting services such as *Yahoo! Finance* and *Bloomberg* were forced to rely on infrequent and outdated updates in SEC filings to estimate the Company's shares of common stock issued and outstanding.  For example, before a recent update by the Company on October 6, 2021, the widely-reported estimate of the Company's shares of common stock issued and outstanding amounted to 104.2 million, which itself was based on a filing the Company made with the SEC on July 12, 2021.  When the Company provided an update on October 6, 2021, it reported ***249.6 million*** shares of stock issued and outstanding, a significantly higher figure.

5.     Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Camber

overstated the financial and business prospects of Viking as well as the combined company post-Merger; (ii) Camber failed to apprise investors of, and/or downplayed, the fact that its acquisition of a controlling interest in Viking would exacerbate the Company's delinquent financial statements and listing obligations with the NYSE; (iii) an institutional investor was diluting Camber's shares at a significant rate following the Company's July 12, 2021 update regarding the number of its shares of common stock issued and outstanding; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

6.      On May 24, 2021, Viking filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2021. That quarterly report disclosed, among other results, first quarter earnings per share ("EPS") of -$0.13 under generally accepted accounting principles ("GAAP"), compared to GAAP EPS of $1.39 in the same quarter the year prior, representing an 109.35% decrease year-over-year ("Y/Y"), and first quarter revenue of $10.49 million, compared to revenue of $11.79 million in the same quarter the year prior, representing an 11% decrease Y/Y.

7.      Later that day, Camber issued a press release disclosing that, on May 21, 2021, the NYSE had notified the Company that it was not in compliance with the NYSE's continued listing standards because of, *inter alia*, "issues that have arisen in connection with . . . finalizing the determination of the fair values of both assets and liabilities associated with the Company's acquisition of a controlling interest in Viking . . . in December of 2020[.]"

8.      Following Viking's reported first quarter 2021 results, Camber's stock price fell $0.02 per share, or 3.17%, to close at $0.61 per share on May 24, 2021.  Camber's stock price continued to decline by an additional $0.04 per share, or 6.56%, to close at $0.57 per share the

following day as the market continued to digest Viking's first quarter 2021 results, as well as Camber's non-compliance notice from the NYSE.

9. Then, on August 16, 2021, Viking filed a quarterly report on Form 10-Q with the SEC, reporting its financial and operating results for the quarter ended June 30, 2021. That quarterly report disclosed, among other results, a net loss of $9.85 million for the quarter, and that, "[a]s of June 30, 2021, [Viking] has a stockholders' deficit of $15,054,324 and total long-term debt of $95,961,611." With respect to Viking's liabilities, the Form 10-Q disclosed, among other things:

> The largest components of current liabilities creating this working capital deficiency are [*inter alia*] . . . a term loan agreement with a face value of approximately $31.6 million as of June 30, 2021, which, although it has a maturity date of August 3, 2022, has been included as a current liability in the accompanying balance sheet **as [Viking]'s subsidiary, Elysium Energy, LLC, and other parties to the term loan agreement, are in default of the maximum leverage ratio covenant under the term loan agreement at June 30, 2021**.

(Emphasis added.)

10. On this news, Camber's stock price fell $0.03 per share, or 6.98%, to close at $0.57 per share on May 25, 2021.

11. Finally, on October 5, 2021, Kerrisdale Capital ("Kerrisdale") released a report (the "Kerrisdale Report") alleging, among other issues revealed in earlier disclosures, that the "market is badly mistaken about Camber's share count and ignorant of [Camber's] terrifying capital structure," estimating the Company's "fully diluted share count is roughly triple the widely reported number."

12. On this news, Camber's stock price fell $1.56 per share, or 50.49%, to close at $1.53 per share on October 5, 2021.

13.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

14.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

15.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

16.     Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).  Camber is headquartered in this Judicial District, Defendants conduct business in this Judicial District, and a significant portion of Defendants' actions took place within this Judicial District.

17.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

18.     Plaintiff, as set forth in the attached Certification, acquired Camber securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

19.     Defendant Camber is a Nevada corporation with principal executive offices located at 15915 Katy Freeway, Suite 450, Houston, Texas 77094.  Camber's common stock trades in an efficient market on the NYSE under the ticker symbol "CEI".

20.     Defendant James A. Doris ("Doris") has served as Camber's Chief Executive Officer ("CEO"), President, and as a Director of the Company at all relevant times.  Doris has also served as Viking's CEO since December 2014.

21.     Defendant Frank W. Barker, Jr. ("Barker") has served as Camber's Chief Financial Officer ("CFO") at all relevant times.  Barker has also served as Viking's CFO since December 2017, and was a Director of Viking from December 2017 through August 2018.

22.     Defendants Doris and Barker are sometimes referred to herein as the "Individual Defendants."

23.     The Individual Defendants possessed the power and authority to control the contents of Camber's SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of Camber's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Camber, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  The Individual Defendants are liable for the false statements and omissions pleaded herein.

24.     Camber and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

25.     Camber is an independent oil and natural gas company that acquires, develops, and sells crude oil, natural gas, and natural gas liquids.

26.     On December 24, 2020, Camber issued a press release announcing that it had acquired a controlling interest in Viking.  That press release quoted Defendant Doris, who stated, in relevant part:

> We are extremely pleased to have closed this transaction. The new deal is an alternative to the previous merger arrangement, and we believe it is even more beneficial to the stakeholders of both Camber and Viking as it allows the entities, individually and collectively, to immediately pursue other value-added opportunities while concurrently addressing the plan to fully combine the two companies.

Concurrently with that transaction, the Individual Defendants were appointed CEO and CFO of the Company.

27.     Then, in February 2021, Camber executed a definitive merger agreement with Viking regarding the full combination of the two entities.  The agreement for the Merger contemplated, through a reverse triangular merger structure, Camber issuing new shares of common stock in exchange for the balance of Viking's common stock on a one-for-one basis.

28.     Throughout 2021, Camber has failed to timely file required financial statements with the SEC.  As a result, financial reporting services such as *Yahoo! Finance* and *Bloomberg* were forced to rely on infrequent and outdated updates in SEC filings to estimate the Company's shares of common stock issued and outstanding.  For example, before a recent update by the Company on October 6, 2021, the widely-reported estimate of the Company's shares of common stock issued and outstanding amounted to 104.2 million, which itself was based on a filing the Company made with the SEC on July 12, 2021.  When the Company provided an update on

October 6, 2021, it reported **249.6 million** shares of stock issued and outstanding, a significantly higher figure.

**Materially False and Misleading Statements Issued During the Class Period**

29.     The Class Period begins on February 18, 2021, when Camber issued a press release regarding the Merger.  That press release quoted Defendant Doris, who stated: "We are very pleased with the transactions that have been completed between Camber and Viking in the last 60 days, and are excited about this final step to fully combine the two entities, which we believe will put the organization in an even better position to increase stakeholder value."

30.     On March 29, 2021, Camber issued a press release announcing Viking's financial results for the year ended December 31, 2020.  Apart from highlighting Viking's "[r]ecord [r]evenues[,]" that press release also quoted Defendant Doris, who stated:

> We are pleased with Viking's results given the challenges faced in 2020. In many respects the year was about survival for E&P companies given the unprecedented price environment and market conditions, and not only did we endure thanks to the commitment and perseverance of our entire team we also managed to improve in key areas, including increasing overall revenues and reducing debt at the Viking level. We remain focused on executing on our strategy and forging a path toward profitability.

31.     On May 6, 2021, Camber filed a notification of late filing on Form 12b-25 with the SEC, signed by Defendant Barker, reporting the Company's inability to timely file a transition report on Form 10-K with the SEC for the period ended December 31, 2020.  That filing downplayed the extent to which Camber's acquired stake in Viking would exacerbate the Company's delinquent financial statements and listing obligations with the NYSE, stating, in relevant part, that Camber "plans to file its completed Transition Report on Form 10-K for the transition period ended December 31, 2020, on or before the fifteenth day following the prescribed due date"; that Camber "anticipates a significant change in its results of operations for the nine-

month transition period ended December 31, 2020, as compared to the nine-month transition period ended December 31, 2019, as the [Company] completed an acquisition of Viking . . . common stock during the most recent transition period"; and that "[a] reasonable estimate of the results of operations could not be made as of the current date as the [Company]'s accountants are still preparing the [Company]'s results of operations."

32.     On May 17, 2021, Camber filed a notification of late filing on Form 12b-25 with the SEC, signed by Defendant Barker, reporting the Company's inability to timely file a quarterly report on Form 10-Q with the SEC for the quarter ended March 31, 2021.  That filing downplayed the extent to which Camber's acquired stake in Viking would exacerbate the Company's delinquent financial statements and listing obligations with the NYSE, stating, in relevant part, that Camber "plans to file its completed Quarterly Report on Form 10-Q for the quarter ended March 31, 2021, on or before the fifth day following the prescribed due date"; that Camber "anticipates a significant change in its results of operations for the quarter ended March 31, 2021, as compared to the quarter ended March 31, 2020, as the [Company] completed an acquisition of Viking . . . common stock at the end of 2020"; and that "[a] reasonable estimate of the results of operations could not be made as of the current date as the [Company]'s accountants are still preparing the [Company]'s results of operations."

33.     The statements referenced in ¶¶ 29-32 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.   Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Camber overstated the financial and business prospects of Viking as well as the combined company post-Merger; (ii) Camber failed to apprise investors of, and/or downplayed, the fact that its acquisition

of a controlling interest in Viking would exacerbate the Company's delinquent financial statements and listing obligations with the NYSE; (iii) an institutional investor was diluting Camber's shares at a significant rate following the Company's July 12, 2021 update regarding the number of its shares of common stock issued and outstanding; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

34.     On May 24, 2021, during intraday trading, and shortly before market close, Viking filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2021.  That quarterly report disclosed, among other results, first quarter GAAP EPS of -$0.13, compared to GAAP EPS of $1.39 in the same quarter the year prior, representing an 109.35% decrease Y/Y, and first quarter revenue of $10.49 million, compared to revenue of $11.79 million in the same quarter the year prior, representing an 11% decrease Y/Y.

35.     Additionally, that same day during post-market hours, Camber issued a press release disclosing that, on May 21, 2021, the NYSE had notified the Company that it was not in compliance with the NYSE's continued listing standards because "the Company failed to timely file (the 'Filing Delinquency') its Form 10-K for the 9-month period ended December 31, 2020 (the 'Report')."  Specifically, Camber blamed the filing delinquency on, *inter alia*, the Company's acquisition of its stake in Viking, stating, in relevant part, that "[s]uch further delay in filing the Report past the deadline . . . is due to issues that have arisen in connection with . . . finalizing the determination of the fair values of both assets and liabilities associated with the Company's acquisition of a controlling interest in Viking . . . in December of 2020[.]"

36.     Following Viking's reported first quarter 2021 results, Camber's stock price fell $0.02 per share, or 3.17%, to close at $0.61 per share on May 24, 2021.  Camber's stock price continued to decline by an additional $0.04 per share, or 6.56%, to close at $0.57 per share on May 25, 2021, as the market continued to digest Viking's first quarter 2021 results, as well as Camber's non-compliance notice from the NYSE.  Despite these declines in the value of the Company's stock price, Camber securities continued to trade at artificially inflated prices throughout the remainder of the Class Period because of Defendants' continued misrepresentations and omissions regarding the financial and business prospects of Viking and/or the Merger, and that an institutional investor was diluting Camber's shares at a significant rate following the Company's July 12, 2021 update regarding the number of its shares of common stock issued and outstanding.

37.     For example, on May 25, 2021, Camber issued a press release announcing Viking's financial results for the quarter ended March 31, 2021.  That press release quoted Defendant Doris, who stated: "We are pleased with Viking's [first quarter] results, especially following the unprecedented conditions experienced in 2020. We are extremely encouraged with the foundation we have established, and are intensely focused on pursuing growth opportunities."

38.     The statements referenced in ¶ 37 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.   Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Camber overstated the financial and business prospects of Viking as well as the combined company post-Merger; (ii) an institutional investor was diluting Camber's shares at a significant rate following the Company's July 12, 2021 update regarding the number of its shares of common stock issued

and outstanding; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

39.     On August 16, 2021, Viking filed a quarterly report on Form 10-Q with the SEC, reporting its financial and operating results for the quarter ended June 30, 2021.  That quarterly report disclosed, among other results, a net loss of $9.85 million for the quarter, and that, "[a]s of June 30, 2021, [Viking] has a stockholders' deficit of $15,054,324 and total long-term debt of $95,961,611."  With respect to Viking's liabilities, the Form 10-Q disclosed, among other things:

> The largest components of current liabilities creating this working capital deficiency are [*inter alia*] . . . a term loan agreement with a face value of approximately $31.6 million as of June 30, 2021, which, although it has a maturity date of August 3, 2022, has been included as a current liability in the accompanying balance sheet *as [Viking]'s subsidiary, Elysium Energy, LLC, and other parties to the term loan agreement, are in default of the maximum leverage ratio covenant  under the term loan agreement at June 30, 2021*.

(Emphasis added.)

40.     On this news, Camber's stock price fell $0.03 per share, or 6.98%, to close at $0.57 per share on May 25, 2021.  Despite this decline in the value of the Company's stock price, Camber securities continued to trade at artificially inflated prices throughout the remainder of the Class Period because of Defendants' continued omissions regarding an institutional investor that was diluting Camber's shares at a significant rate following the Company's July 12, 2021 update regarding the number of its shares of common stock issued and outstanding.

41.     For example, in the period of time stretching from July 13, 2021 through the end of the Class Period, Camber made five filings with the SEC, none of which informed investors that the Company's number of shares of common stock issued and outstanding had ballooned from 104.2 million to roughly ***249.6 million***.

42. The statements referenced in ¶ 41 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) an institutional investor was diluting Camber's shares at a significant rate following the Company's July 12, 2021 update regarding the number of its shares of common stock issued and outstanding; and (ii) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Fully Emerges**

43. On October 5, 2021, Kerrisdale released a report alleging, among other issues revealed in earlier disclosures, that the "market is badly mistaken about Camber's share count and ignorant of [Camber's] terrifying capital structure," estimating the Company's "fully diluted share count is roughly triple the widely reported number." Specifically, the Kerrisdale Report estimated that Camber's "fully diluted share count is roughly **triple** the widely reported number, bringing its true, fully diluted market cap, absurdly, to nearly **$900 million**" (emphases in original). According to the Kerrisdale Report, this lay in stark contrast to figures "sources like Bloomberg and Yahoo Finance supply[,]" namely that Camber has "104.2 million shares outstanding times a $3.09 closing price (as of October 4, 2021) equal[ing] a market cap of $322 million[.]"

44. The Kerrisdale Report also noted that Camber "has already seen its share count increase *50-million-fold* from early 2016 to July 2021" (emphasis in original). Kerrisdale "estimate[d] that, of the 104.2 million common shares outstanding on July 9th, 99.7% were created via the conversion of Series C preferred in the past few years[.]" As the Kerrisdale Report explained:

The terms of Camber's preferreds are complex but boil down to the following: they accrue non-cash dividends at the sky-high rate of 24.95% per year for a notional seven years but can be converted into common shares at any time. The *face value* of the preferred shares converts into common shares at a fixed conversion price of $162.50 per share, far higher than the current trading price – so far, so good (from a Camber-shareholder perspective). The problem is the additional "conversion premium," which is equal to the full seven years' worth of dividends, or 7 x 24.95% ≈ 175% of face value, all at once, and is converted at a far lower conversion price that "will never be above approximately $0.3985 per share…regardless of the actual trading price of Camber's common stock" (but could in principle go lower if the price crashes to new lows).[] The upshot of all this is that **one** share of Series C preferred is now convertible into ~43,885 shares of common stock.

Historically, all of Camber's Series C preferred was held by one investor: Discover Growth Fund. The terms of the preferred agreement cap Discover's ownership of Camber's common shares at 9.99% of the total, but nothing stops Discover from converting preferred into common up to that cap, selling off the resulting shares, converting additional preferred shares into common up to the cap, selling those common shares, etc.[.]

(Emphases in original.)  As the Kerrisdale Report further explained, "Camber has stated explicitly" that "[i]f Discover chooses to do this, it will cause substantial dilution to the then holders of its common stock[,]" which in turn "could lead to its common stock becoming devalued or worthless."

45.     Despite Camber's acknowledgement of the problematic nature of its Series C preferred shares, and as the Kerrisdale Report noted, after the Company's July 12, 2021 update regarding the number of its shares of common stock issued and outstanding, the Company has failed to update investors regarding the ongoing rapid dilution of its common stock because of its Series C preferred shares—a fact that the Company itself would reveal in an SEC filing a mere day after the publication of the Kerrisdale Report.  As the Kerrisdale Report posited:

While the recent spike in common share count to 104.2 million as of early July includes some of the impact of ongoing preferred conversion, we believe it fails to include all of it. In addition to Discover's 2,093 shares of Series C preferred held as of February 2021, Camber issued additional shares to EMC Capital Partners, a creditor of Viking's, as part of a January agreement to reduce Viking's debt.[] Then, in July, Camber issued another block of preferred shares – also to Discover, we

believe – to help fund Viking's recent deals.[] We speculate that many of these preferred shares have already been converted into common shares that have subsequently been sold into a frenzied retail bid.

Beyond the Series C preferred, there is one additional source of potential dilution: debt issued to Discover in three transactions from December 2020 to April 2021, totaling $20.5 million in face value, and amended in July to be convertible at a fixed price of $1.25 per share.[]

46.     On this news, Camber's stock price fell $1.56 per share, or 50.49%, to close at $1.53 per share on October 5, 2021.

47.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### Post-Class Period Disclosures

48.     On October 6, 2021, Camber filed a current report on Form 8-K with the SEC, which verified the Kerrisdale Report's allegations regarding its diluted share count.  Specifically, that Form 8-K disclosed, in relevant part:

> As of October 6, 2021, Camber . . . had **249,563,409 shares of common stock issued and outstanding**. The increase in our outstanding shares of common stock from the date of the Company's February 23, 2021 increase in authorized shares of common stock from 25 million shares to 250 million shares, **is primarily due to conversions into common stock by an institutional investor of shares of Series C Convertible Preferred Stock of the Company that were sold to the institutional investor in 2018 and/or 2019, along with adjustments to such conversions and/or conversion premiums due in respect of such Series C Preferred Stock, which were payable in shares of common stock**.

(Emphases added.)

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

49.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Camber securities during the Class Period (the "Class"); and were damaged upon the

revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

50.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Camber securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Camber or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

51.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

52.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

53.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Camber;

- whether the Individual Defendants caused Camber to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Camber securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

54.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

55.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Camber securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Camber securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

56.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

57.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

58.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

59.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

60.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Camber securities; and

(iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Camber securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

61.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Camber securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Camber's finances and business prospects.

62.     By virtue of their positions at Camber, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

63.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Camber, the Individual Defendants had knowledge of the details of Camber's internal affairs.

64.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Camber.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Camber's businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Camber securities was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning Camber's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Camber securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

65.     During the Class Period, Camber securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Camber securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Camber securities was substantially lower than the prices paid by Plaintiff and the other

members of the Class.   The market price of Camber securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

66.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

67.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

68.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

69.     During the Class Period, the Individual Defendants participated in the operation and management of Camber, and conducted and participated, directly and indirectly, in the conduct of Camber's business affairs.   Because of their senior positions, they knew the adverse non-public information about Camber's misstatement of income and expenses and false financial statements.

70.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Camber's financial condition and results of operations, and to correct promptly any public statements issued by Camber which had become materially false or misleading.

71.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Camber disseminated in the marketplace during the Class Period concerning Camber's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Camber to engage in the wrongful acts complained of herein. The Individual Defendants, therefore, were "controlling persons" of Camber within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Camber securities.

72.     Each of the Individual Defendants, therefore, acted as a controlling person of Camber.  By reason of their senior management positions and/or being directors of Camber, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Camber to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Camber and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

73.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Camber.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.       Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.       Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated:  October 29, 2021                    Respectfully submitted,

                                                         POMERANTZ LLP

                                                         */s/ Jeremy A. Lieberman*
                                                         Jeremy A. Lieberman
                                                         (S.D. Tex. Federal Bar Number 1466757)
                                                         J. Alexander Hood II
                                                         (S.D. Tex. Federal Bar Number 3086579)
                                                         600 Third Avenue, 20th Floor
                                                         New York, New York 10016
                                                         Telephone: (212) 661-1100
                                                         Facsimile: (212) 661-8665
                                                         jalieberman@pomlaw.com
                                                         ahood@pomlaw.com

                                                         *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.    I,  Ronald E. Coggins                    , make this declaration

pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section

21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private

Securities Litigation Reform Act of 1995.

2.    I have reviewed a Complaint against Camber Energy, Inc. ("Camber" or the

"Company") and authorize the filing of a comparable complaint on my behalf.

3.    I did not purchase or acquire Camber securities at the direction of plaintiffs'

counsel or in order to participate in any private action arising under the Securities Act or

Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors

who purchased or otherwise acquired Camber securities during the class period, including

providing testimony at deposition and trial, if necessary. I understand that the Court has the

authority to select the most adequate lead plaintiff in this action.

5.    The attached sheet lists all of my transactions in Camber securities during the

Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this Certification is

signed, I have not served or sought to serve as a representative party on behalf of a class under

the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf

of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such

reasonable costs and expenses directly relating to the representation of the class as ordered or

approved by the Court.

8.    I declare under penalty of perjury that the foregoing is true and correct.


Executed _____10/19/21_____
                (Date)



_____
          (Signature)

_____
     (Type or Print Name)

**Camber Energy, Inc.  (CEI)**                                          **Coggins, Ronald E.**

### List of Purchases and Sales

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase | 9/29/2021 | 2,000 | $3.9800 |