UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| RONALD E. COGGINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMBER ENERGY, INC., JAMES A. DORIS, and FRANK W. BARKER, JR.,<br><br>Defendants. | Civil Action No. 4:21-cv-03574 |

**ROBERT LAURENT AND AJMAL HUSSAIN'S RESPONSE: (1) IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**

Laurent and Hussain[1] submit this response in further support of their motion for appointment as Co-Lead Plaintiffs on behalf of the Class and approval of their selection of Pomerantz as Lead Counsel for the Class; and in opposition to the competing motions of (i) George C. Smith, Jr. ("Smith") (Dkt. No. 18) and (ii) Tariq Khan ("Khan") (Dkt. No. 22).

## NATURE AND STAGE OF THE PROCEEDING

As discussed in Laurent and Hussain's initial motion brief (Dkt. No. 24), this Action is a putative federal securities class action lawsuit governed by the provisions of the PSLRA, which directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii). Here, on December 28, 2021, the statutory deadline to seek appointment as lead plaintiff in the Action, *see* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), six motions were filed pursuant to the PSLRA seeking appointment as lead plaintiff for the Class and approval of their respective sections of counsel.  *See* Dkt. Nos. 18-20, 22, 24-25.

## STATEMENT OF FACTS

On December 28, 2021, Laurent and Hussain filed their motion for appointment as Co-Lead Plaintiffs on behalf of the Class and approval of their selection of Pomerantz as Lead Counsel for the Class, alleging collective losses of $446,171 in connection with their Class Period purchases of Camber securities.  *See* Dkt. No. 24 at 8.  That same day, competing motions were filed by Smith, alleging losses of approximately $263,242 (Dkt.

---

[1] All capitalized terms herein are defined in Laurent and Hussain's initial motion, unless otherwise indicated.  *See* Dkt. No. 24.

No. 18 at 7); Juma Salarzi ("Salarzi"), alleging losses of $58,252 (Dkt. No. 19-4 at *6); Dr. Roderick A. Yamat ("Yamat"), alleging losses of approximately $105,596 (Dkt. No. 20 at 5); Khan, alleging losses of approximately $101,717 (Dkt. No. 22 at 6); and the Camber Investor Group, alleging losses of $387,832 (Dkt. No. 25 at 12). On January 14, 2022, Yamat filed a notice of non-opposition to competing lead plaintiff motions, which stated, in relevant part, that "Yamat recognizes he did not suffer the greatest loss." Dkt. No. 30 at 1. On January 18, 2022, Salarzi and the Camber Investor Group also filed notices of non-opposition to the competing lead plaintiff motions, likewise acknowledging that they did not possess the largest financial interests in the litigation. Dkt. Nos. 31, 32.

## STATEMENT OF THE ISSUES

1. Whether Laurent and Hussain should be appointed Co-Lead Plaintiffs on behalf of the Class in the Action.

2. Whether Laurent and Hussain's selection of counsel, Pomerantz, should be appointed as Lead Counsel for the Class in the Action.

3. Whether the competing motions of Smith and Khan should be denied.

## STANDARD OF REVIEW

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA vests authority in lead plaintiffs to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with a lead

plaintiff's choice only if necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

## ARGUMENT

### I.  LAURENT AND HUSSAIN SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The PSLRA creates a strong presumption that the "most adequate plaintiff"—*i.e.*, the Lead Plaintiff—is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23.  *Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385, at *4 (E.D. Tex. Sept. 21, 2015).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  Here, the most adequate class representatives are Laurent and Hussain.

### A.  Laurent and Hussain Possess the Largest Financial Interest in the Litigation

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Fifth Circuit recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Marcus*

3

*v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at \*13-\*15 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). The following table compares Laurent and Hussain's financial interest to those of the remaining competing movants:

| Movant | Loss |
|---|---|
| Laurent and Hussain | $446,171 |
| Smith | $263,242 |
| Khan | $101,717 |

As the above table reflects, Laurent and Hussain have a larger financial interest in the Action than any competing movant by a significant margin. Laurent and Hussain incurred a loss of ***$446,171*** in connection with their purchases of Camber securities because of the Defendants' alleged malfeasance, more than both competing movants combined. As such, Laurent and Hussain plainly have the largest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

### B.   Laurent and Hussain Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Laurent and Hussain have also made the requisite *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23. *Singh*, 2015 U.S. Dist. LEXIS 125385, at \*4.

First, the claims of Laurent and Hussain satisfy the typicality requirement of Rule 23(a)(3) because their claims in the Action are based on the same legal theory and arise

from the same events and course of conduct as the Class's claims. *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672, at *5 (E.D. Tex. May 31, 2018); *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001). Second, Laurent and Hussain satisfy the adequacy requirement of Rule 23(a)(4) because they have a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, are aware of no conflict between their interests and those of the putative Class, and, as discussed in greater detail below, they have selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *9 (E.D. Tex. Oct. 26, 2018); *Stein v. Match Grp., Inc.*, No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995, at *14-*17 (N.D. Tex. June 9, 2016).

Moreover, Laurent and Hussain constitute an appropriate pairing of two investors for appointment as Co-Lead Plaintiffs, and as such the Court should consider their aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing small groups as lead plaintiffs, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". Additionally, the appointment of more than one class member seeking joint appointment as lead plaintiffs is expressly permitted by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and district courts within the Fifth Circuit, including this judicial district, have expressly recognized the propriety of appointing small, cohesive groups as lead plaintiffs. *See, e.g.*,

5

*Kakkar v. Bellicum Pharm., Inc.*, No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704, at *10-*14  (S.D. Tex. Mar. 26, 2019) (appointing "small" group of unrelated investors as lead plaintiffs where they "submitted evidence concerning the group member's ability and willingness to cohesively manage the litigation and represent the class"); *Stein*, 2016 U.S. Dist. LEXIS 74995, at *16-*20, *24 (appointing two investors with "no pre-litigation connection" as lead plaintiffs where "they have submitted evidence that they each understand their responsibilit[ies]" under the PSLRA); *Brody v. Zix Corp.*, Civil Action Nos. 3:04-CV-1931-K *et al.*, 2005 U.S. Dist. LEXIS 13871, at *9 (N.D. Tex. July 11, 2005) (appointing four investors as lead plaintiffs that "sufficiently establish[ed] . . . the group's cohesiveness"); *In re Universal Access, Inc.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002) ("[T]he Court finds that selection of a group of persons to act as lead plaintiffs is entirely appropriate under the PSLRA[.]"); *Bell v. Ascendant Sols., Inc.*, CIVIL ACTION NO. 3:01-CV-0166-P, 2002 U.S. Dist. LEXIS 6850, at *16 (N.D. Tex. Apr. 17, 2002) ("[T]he selection of three plaintiffs does not unreasonably disrupt the Lead Plaintiff's ability to control the lawyers while keeping its decisionmaking from becoming unwieldy."); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 279-82 (N.D. Tex. 2001) (aggregating total damages suffered by group of four totaling $466,387.38 and stating such substantial losses gave group incentive to act as adequate representatives of the class).

Laurent and Hussain likewise have demonstrated their adequacy because they are a small and cohesive group of two investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek

appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Dkt. No. 26-4 at 1 (¶¶ 1-4), 2 (¶¶ 4-6), 3 (¶¶ 6-8, 10), 4 (¶¶ 10-13).  Courts routinely appoint more than one investor as lead plaintiffs under such circumstances.  *See, e.g.*, *Kakkar*, 2019 U.S. Dist. LEXIS 50704, at *12 (finding joint declaration supported group's adequacy because it "demonstrate[d] their plan to coordinate their efforts, oversee counsel, and diligently prosecute this litigation for the benefit of the class" (internal quotation marks omitted)); *Stein*, 2016 U.S. Dist. LEXIS 74995, at *17 (noting group "submitted a joint declaration that adequately makes the required cohesiveness showing"); *BP*, 758 F. Supp. 2d at 442 n.10 (finding group of four's joint declaration "established that they will actively and cohesively participate in th[e] litigation"); *Brody*, 2005 U.S. Dist. LEXIS 13871, at *9 (finding "joint declaration of all [four] Group members . . . sufficiently establish[ed] for this Court the group's cohesiveness").

To overcome the strong presumption entitling Laurent and Hussain to appointment as Co-Lead Plaintiffs, the PSLRA requires **"*proof*"** that they are inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

* * * *

Because Laurent and Hussain have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23, they are the presumptive "most adequate plaintiff[s]" of the Class within the meaning of the PSLRA.

7

## II.   LAURENT AND HUSSAIN'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with lead plaintiffs' choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Bremer v. Solarwinds Corp.*, No. 1:21-CV-2-RP, 2021 U.S. Dist. LEXIS 124780, at *6 (W.D. Tex. Mar. 11, 2021); *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at *8 (S.D. Tex. Mar. 23, 2017); *Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013, at *7-*8 (N.D. Tex. Dec. 20, 2012); *In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858, at *21 (S.D. Tex. Oct. 28, 2002).

Here, Laurent and Hussain have selected Pomerantz as Lead Counsel for the Class. As its firm resume reflects (*see* Dkt. No. 26-5 at 1-11), and as more fully discussed in their initial motion (*see* Dkt. No. 24 at 13-14), Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  Thus, the Court may be assured that by approving Laurent and Hussain's selection of counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For all the foregoing reasons, Laurent and Hussain respectfully request that the Court issue an Order: (1) appointing Laurent and Hussain as Co-Lead Plaintiffs for the

8

Class; (2) approving their selection of Pomerantz as Lead Counsel for the Class; and (3)

denying the competing motions.

Dated:  January 18, 2022                Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
(S.D. Tex. Federal Bar Number 1466757)
J. Alexander Hood II
(S.D. Tex. Federal Bar Number 3086579)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movants Robert Laurent and Ajmal Hussain and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Movants Robert Laurent and Ajmal Hussain*

9

## CERTIFICATE OF WORD COUNT

I certify that the total number of words in the motion, exclusive of the caption,

prefatory tables, the signature block, and the required certifications, is 2,142 words.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

10

## CERTIFICATE OF SERVICE

This is to certify that on January 18, 2022, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman

11