UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD E. COGGINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMBER ENERGY, INC., JAMES A. DORIS, and FRANK W. BARKER, JR.,<br><br>Defendants. | Civil Action No. 4:21-cv-03574 |

RESPONSE OF GEORGE C. SMITH, JR., ROBERT LAURENT, AND AJMAL
HUSSAIN TO NOTICE OF AUTHORITY REGARDING PROPOSED STIPULATION
APPOINTING CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL

Lead Plaintiff Movants George C. Smith, Jr. ("Smith"), Robert Laurent ("Laurent"), Ajmal Hussain ("Hussain" and, together with Smith and Laurent, "Movants") respectfully submit this response to Defendants' "Notice of Authority" (Dkt. No. 38) regarding Movants' stipulation for appointment as co-lead plaintiffs and co-lead counsel (the "Co-Leadership Stipulation") (Dkt. No. 36).

## PRELIMINARY STATEMENT

Although Defendants style their submission as a "Notice of Authority" and disingenuously purport merely to advise the Court "concerning [its] discretion to reject" the Co-Leadership Stipulation (Dkt. No. 38 at 1), there is no mistaking Defendants' brief for what it truly is: an opposition to Movants' appointment as Co-Lead Plaintiffs.  As such, the Court should disregard it for the simple reason that Defendants lack standing to oppose the appointment of Lead Plaintiffs pursuant to the PSLRA.  *See*, *e.g.*, *Bell v. Ascendant Solutions, Inc.*, No. 3:01-CV-0166-P, 2002 U.S. Dist. LEXIS 6850, at *7 (N.D. Tex. Apr. 17, 2002); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981) *Abelson v. Strong*, No. 85-0592-S, MDL No. 584, 1987 U.S. Dist. LEXIS 7515, at *6 (D. Mass. July 30, 1987).

Even if the Defendants did have standing to oppose Movants' proposed leadership structure, their objections in any event lack merit.  Contrary to Defendants' arguments, courts, including in this Judicial District, routinely appoint small and cohesive groups of investors to serve as co-lead plaintiffs in PSLRA actions.  *Stein v. Match Grp., Inc.*, No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995, at *16-*20, *24 (N.D. Tex. June 9, 2016) (appointing two investors with "no pre-litigation connection" as lead plaintiffs where "they

1

have submitted evidence that they each understand their responsibilit[ies]" under the PSLRA); *Kakkar v. Bellicum Pharm., Inc.*, No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704, at *10-*14  (S.D. Tex. Mar. 26, 2019) (appointing "small" group of unrelated investors as lead plaintiffs where they "submitted evidence concerning the group member's ability and willingness to cohesively manage the litigation and represent the class").

Also, and again contrary to Defendants' arguments, courts nationwide—including the federal courts of Texas—in fact routinely endorse stipulations providing for the appointment of formerly competing lead plaintiff movants as co-lead plaintiffs in PSLRA actions.  *See*, *e.g.*, *Torres v. Berry Corporation*, 3:20-cv-3464 (N.D. Tex. Nov. 20, 2020), Dkt. No. 45 (approving stipulation for appointment as co-lead plaintiffs filed by previously competing movants); *In re First Union Corp. Sec. Litig.*, 157 F. Supp. 2d 638, 643 (W.D.N.C. 2000) (same); *Kang v. PayPal Holdings, Inc.*, No. 21-cv-06468 (N.D. Cal. Nov. 2, 2021), ECF No. 29 (same).  Defendants' argument that the Co-Leadership Stipulation is an "attempt[] to circumvent the PSLRA[]" (Dkt. No. 38 at 4) is ironic, considering that there is no provision in the PSLRA that would permit the Defendants to oppose Movants' proposed leadership structure under the guise of simply advising the court of "relevant authority concerning the Court's discretion" in this regard.  Dkt. No. 38 at 1.

Movants respectfully submit that the Court should disregard Defendants' impermissible and transparently self-serving submission and endorse Movants' Co-Leadership Stipulation (Dkt. No. 36).

2

**ARGUMENT**

I.    **DEFENDANTS LACK STANDING TO OPPOSE THE APPOINTMENT OF LEAD PLAINTIFFS PURSUANT TO THE PSLRA**

As a threshold matter, the Court should disregard Defendants' Notice of Supplemental Authority for the simple reason that Defendants lack standing to oppose the appointment of Lead Plaintiffs pursuant to the PSLRA. *See*, *e.g.*, *Bell*, 2002 U.S. Dist. LEXIS 6850, at *7 ("[T]he majority of courts—and this court—have concluded that a defendant does not have standing to object.") (collecting cases). The reasons are obvious: Because "the defendant[] prefer[s] not to be successfully sued by anyone," permitting defendants to "determin[e] whether the 'representative parties will fairly and adequately protect the interests of the class' . . . is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house." *Eggleston*, 657 F.2d at 895 (quoting Fed. R. Civ. P. 23(a)(4)). *See also Abelson*, 1987 U.S. Dist. LEXIS 7515, at *6 ("There is an irony inherent in defendants' attempts to protect absent class members when their real hope is to deny plaintiffs any recovery.") (citing *In re Diasonics Sec. Litig.*, 599 S. Supp. 447, 450-51 (N.D. Cal. 1984)). Accordingly, the PSLRA provides, and courts have consistently held, that "[o]nly putative class members—and ***not defendants***—may challenge the appointment of lead plaintiffs and counsel." *In re Baan Co. Secs. Litig.*, 271 F. Supp. 2d 3, 8 n.5 (D.D.C. 2002) (emphasis added) (citing *In re Cendant Corp. Litigation*, 265 F.3d 201, 268 (3d Cir. 2001)).

Here, Defendants' motives are transparent. Although claiming "not [to] weigh in on the adequacy of any particular proposed lead plaintiff at this early stage of the litigation"

(Dkt. No. 38 at 1), by opposing the Movants' proposed group structure and implicitly urging the Court to appoint a single lead plaintiff instead, Defendants are attempting to whittle a group of three qualified and motivated class representatives down to only one class representative. Doing so would obviously deprive the Class of the benefits of the collaborative engagement and decision-making that three such class representatives would bring to bear in this litigation. Moreover, if the Court were to grant Defendants' effective request to litigate their case against a single class representative than a group of three co-lead plaintiffs, in the event that this single class representative later proved unable to continue to serve in a leadership role, the result would be significant disruption to this litigation and undeniable prejudice to the class. *See*, *e.g.*, *In re eHealth Inc. Sec. Litig.*, 4:20-cv-2395 (N.D. Cal. Apr. 8, 2020), Dkt. No. 85 (re-opening lead plaintiff appointment process following death of sole lead plaintiff in PSLRA action); *Hoang v. ContextLogic Inc.*, 5:21-cv-3930 (ND. Cal. Feb. 7, 2022) (single lead plaintiff's failure to actively litigate case leading to renewed lead plaintiff motion practice by other class members). By contrast, if the Court were to appoint a small and cohesive ***group*** of co-lead plaintiffs, as the Co-Leadership Stipulation contemplates, then, in the event of the unanticipated departure or incapacitation of any one of the three lead plaintiffs, the other two lead plaintiffs would remain in their leadership roles—thus ensuring that this litigation proceeds in an orderly and uninterrupted manner and avoiding prejudice to the class. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups".

## II.   DEFENDANTS' OBJECTIONS TO THE CO-LEADERSHIP STIPULATION ARE MERITLESS

Even assuming, *arguendo*, that Defendants actually had standing to oppose entry of the Co-Leadership Stipulation, their objections are in any event meritless, for the reasons set forth below.

### A.   Movants Comprise a Small and Cohesive Group of the Type Routinely Appointed to Serve as Lead Plaintiff in PSLRA Actions

Citing the "lack of . . . a pre-litigation relationship" among the Movants, Defendants suggest that Movants would be unable "to function cohesively and to effectively manage the litigation apart from their lawyers" if appointed to serve as Co-Lead Plaintiffs.  *See* Dkt. No. 38 at 3.  Even taking at face value Defendants' purported concerns about the quality of class leadership, Defendants are wrong.  Indeed, courts in this Judicial District and the Fifth Circuit regularly appoint small and cohesive groups of investors as lead plaintiffs in PSLRA actions.  *See*, *e.g.*, *Stein*, 2016 U.S. Dist. LEXIS 74995, at *16-*20, *24 (appointing two investors with "no pre-litigation connection" as lead plaintiffs where "they have submitted evidence that they each understand their responsibilit[ies]" under the PSLRA); *Kakkar*, 2019 U.S. Dist. LEXIS 50704, at *10-*14  (appointing "small" group of unrelated investors as lead plaintiffs where they "submitted evidence concerning the group member's ability and willingness to cohesively manage the litigation and represent the class").

Here, Movants are precisely the type of investor group that courts regularly appoint to serve as lead plaintiffs in PSLRA actions.  Movants comprise a small and cohesive group, consisting of only three members: Smith, Laurent, and Hussain.  Moreover,

Movants have executed a Joint Declaration (submitted herewith as Exhibit A) attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them is prepared to take to cooperatively prosecute this litigation on behalf of the Class.  Courts routinely appoint investor groups as lead plaintiffs under such circumstances.  *See e.g., Kakkar*, 2019 U.S. Dist. LEXIS 50704, at *12 (finding joint declaration supported group's adequacy because it "demonstrate[d] their plan to coordinate their efforts, oversee counsel, and diligently prosecute this litigation for the benefit of the class" (internal quotation marks omitted)); *Stein*, 2016 U.S. Dist. LEXIS 74995, at *17 (noting group "submitted a joint declaration that adequately makes the required cohesiveness showing").

### B.   Courts Routinely Endorse Co-Lead Plaintiff Stipulations

Finally, Defendants incorrectly mischaracterize the Co-Leadership Stipulation as an improper effort to somehow circumvent the PSLRA.  *See* Dkt. No. 38 at 4.  Again, Defendants are wrong.  Courts across the country—including the federal courts of Texas—routinely endorse co-lead plaintiff stipulations entered into by formerly competing lead plaintiff movants after the statutory motion deadline.  *See*, *e.g.*, *Berry*, Dkt. No. 45 (approving stipulation appointing previously competing movants as co-lead plaintiffs and approving their selection of co-lead counsel); *First Union*, 157 F. Supp. 2d at 643 (W.D.N.C. 2000) (same); *PayPal Holdings*, ECF No. 29 (same).

That Defendants would characterize Movants' Co-Leadership Stipulation as an attempt to circumvent the PSLRA is ironic, considering that under the PSLRA, the

Defendants categorically lack standing to even make such argument in opposition to Movants' appointment at this stage of the litigation.  This argument only highlights the impermissibility of Defendants' attempted opposition.

## CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court disregard Defendants' Notice of Supplemental Authority (Dkt. No. 38) and approve Movants' Co-Leadership Stipulation (Dkt. No. 36).

Dated:  February 17, 2022                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
(S.D. Tex. Federal Bar Number 1466757)
J. Alexander Hood II
(S.D. Tex. Federal Bar Number 3086579)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movants Robert Laurent and Ajmal Hussain and Proposed Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Movants Robert Laurent*

*and Ajmal Hussain*

**STECKLER WAYNE COCHRAN CHERRY PLLC**

*/s/ Stuart L. Cochran*
Stuart L. Cochran, Attorney-in-charge
Texas Bar No. 24027936
S.D. Tex. Bar No. 24027936
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75219
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: stuart@sgc.law

*Liaison Counsel for Movant George C. Smith Jr. and Proposed Liaison Counsel for the Class*

THE ROSEN LAW FIRM, P.A.
Laurence Rosen, Esq. (pro hac vice to be filed)
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com

*Counsel for Movant George C. Smith Jr. and Proposed Co-Lead Counsel for the Class*

8

## CERTIFICATE OF SERVICE

This is to certify that on February 17, 2022, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

9